**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-3446

_____

RYAN CASTANEIRA,
                                        Appellant

v.

C. JAMES FOX, Chairman of the Pennsylvania Board of Probation and Parole; DEVIN
BOLTON; BRENT SMILEY; MIKE DAUB; LUKE KNOX; ANNETTE GANTZ

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:25-cv-00361)
District Judge:  Honorable Jennifer P. Wilson

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 3, 2026

Before: KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: August 4, 2026)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

In this civil-rights case, Ryan Castaneira appeals pro se from the District Court's decision denying, on the merits, his motion for a preliminary injunction.[1] For the reasons that follow, we will vacate that decision and remand with instructions to deny that motion as moot.

I.

In 2009, Castaneira was convicted in Georgia state court of attempted child molestation and other offenses. The trial court sentenced him to 10 years in prison, to be followed by 20 years of probation. Castaneira's probation term began in 2019. That year, the supervision of his probation was transferred from the State of Georgia to the Commonwealth of Pennsylvania pursuant to the Interstate Compact for Adult Offender Supervision. In 2022, after Castaneira was charged with summary harassment, one or more Commonwealth officials added a no-contact condition to Castaneira's probation supervision. That condition prohibited Castaneira from having "any contact with anyone under the age of 18 years old without the prior written approval of probation/parole supervision staff and if applicable, in agreement with [his] treatment provider." Dist. Ct. Mem. entered Oct. 15, 2025, at 4 (quoting Second Am. Compl.).

---

[1] To the extent that the District Court's decision also denied a temporary restraining order ("TRO"), that part of the decision is not before us. *See Nutrasweet Co. v. Vit-Mar Enters., Inc.*, 112 F.3d 689, 692 (3d Cir. 1997) (explaining that, as a general matter, the denial of a TRO is unappealable).

Castaneira subsequently initiated this pro se civil-rights action in the District Court against the chairperson of the Pennsylvania Parole Board (formerly the Pennsylvania Board of Probation and Parole) and several Pennsylvania state parole agents, raising several claims under the United States Constitution. In June 2025, Castaneira moved for a preliminary injunction with respect to two claims, both of which alleged violations of his due-process rights. In doing so, Castaneira sought to enjoin the defendants (hereinafter "Appellees") from enforcing the no-contact provision and certain other conditions of his probation. In October 2025, the District Court denied Castaneira's motion, concluding that he had failed to show that the two claims in question were likely to succeed. Castaneira then filed this interlocutory appeal, challenging that decision.[2]

## II.

On appeal, Appellees have submitted extra-record evidence about material events that took place while Castaneira's motion for a preliminary injunction was pending before the District Court. *See* 3d Cir. Dkt. No. 11. This unrefuted evidence establishes the following. In July 2025, the Georgia state court that had sentenced Castaneira modified the terms of his probation, placing him on non-reporting status. *See id.* at ECF p. 6. Later that month, the Commonwealth, in response to that modification order, "close[d] interest" in Castaneira's probation. *Id.* at ECF p. 4; *see id.* at ECF pp. 3-4. In

---

[2] We have appellate jurisdiction under 28 U.S.C. § 1292(a)(1) to review a district court's denial of a motion for a preliminary injunction. *See Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017).

other words, in view of the modification order, the Commonwealth's supervision of Castaneira's probation was terminated. *See id.* at ECF p. 8. And with the Commonwealth's supervision terminated, there was no longer a need to preliminarily enjoin Appellees (all Commonwealth officials) from enforcing any probation conditions.

It appears that the parties did not provide this evidence to the District Court or otherwise apprise the District Court of the material developments reflected by this evidence. It is unclear why the parties failed to do so. In any event, we may consider this evidence for the first time on appeal. *See In re Application of Adan*, 437 F.3d 381, 388 n.3 (3d Cir. 2006) (indicating that we may consider new evidence on appeal in exceptional circumstances, "such as those that render the case moot or alter the appropriateness of injunctive relief"), *abrogated on other grounds by Golan v. Saada*, 596 U.S. 666 (2022).[3] So considered, it is clear that Castaneira's motion for a preliminary injunction was rendered moot before the District Court ruled on it. *See generally Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").[4] Accordingly,

---

[3] To the extent that Appellees move to add this evidence to the record pursuant to Federal Rule of Appellate Procedure 10(e)(2), that motion is denied because Rule 10(e)(2) is inapplicable here. *See In re Application of Adan*, 437 F.3d at 388 n.3 ("Rule 10(e)(2) allows amendment of the record on appeal only to correct inadvertent omissions, not to introduce new evidence.").

[4] Castaneira contends that his case falls under the capable-of-repetition-yet-evading-review exception to the mootness doctrine. We disagree. That exception applies only if

we will (1) vacate the District Court's decision denying Castaneira's motion for a preliminary injunction on the merits, and (2) remand the matter so that the District Court can deny that motion as moot.[5]  Castaneira's request for oral argument is denied.

---

"the challenged action is in its duration too short to be fully litigated prior to cessation or expiration." *Lara v. Comm'r Pa. State Police*, 125 F.4th 428, 446 (3d Cir. 2025) (citation to quoted case omitted).  But that situation is not present here.  As Castaneira acknowledges, his probation term does not end until 2039. So even if, in the near future, (1) the Georgia state court were to reimpose a supervision requirement, (2) the Commonwealth were to recommence supervision over his probation, and (3) Appellees were to once again enforce the conditions that have been the subject of this case, there would be ample time to fully litigate any injunctive-based challenges to those conditions.

We also note that the voluntary-cessation exception to the mootness doctrine does not apply here either, for the cessation of Castaneira's probation-supervision conditions stemmed from the Georgia state court's modification order, not some unilateral act on the part of Appellees.  *See Hartnett v. Pa. State Educ. Ass'n*, 963 F.3d 301, 307 (3d Cir. 2020) (explaining that this exception's "focus is on whether the defendant made th[e] change unilaterally"); *cf. United States v. Grape*, 549 F.3d 591, 597 (3d Cir. 2008) (indicating that this exception applies if the defendant "may resume [the allegedly offending action] at any time").

[5] To the extent that Appellees argues that Castaneira's *entire*, ongoing case in the District Court should be dismissed because the District Court lacks jurisdiction over the matter pursuant to the *Rooker-Feldman* doctrine, that argument transcends the scope of this limited, interlocutory appeal, and we leave that argument for the District Court to consider in the first instance.  *See generally Forestal Guarani S.A. v. Daros Int'l, Inc.*, 613 F.3d 395, 401 (3d Cir. 2010) ("We ordinarily decline to consider issues not decided by a district court, choosing instead to allow that court to consider them in the first instance.").  Accordingly, Castaneira's motion asking us to take judicial notice of certain docket sheets, which he filed in response to Appellees' *Rooker-Feldman* argument, is denied as moot.